# McCormick v. Commonwealth.

June 22, 1945.

David Browning for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

William McCormick was sentenced to prison for five years for maliciously shooting at, without wounding, Henry Ross. Reversal of the judgment is urged on the grounds that (1) he should have been granted a continuance in order to obtain the presence of his witnesses, and also because of his physical condition; (2) the court erred in permitting the commonwealth's attorney to ask leading questions; (3) the jury was not properly instructed; and (4) the verdict is flagrantly against the evidence.

McCormick, 58 years of age, and the prosecuting witness, Henry Ross, 73 years of age, were partners in a sawmill business in the summer of 1944. A disagreement arose between them and McCormick sold his interest in

the business. Thereafter McCormick was heard to make threats against Ross. Sometime during August he went to the mill in company with his wife and his nephew, Chester Grubb. While there McCormick attempted to provoke an argument and threatened to whip Ross. However, no difficulty took place at that time. Later in the afternoon Ross went to a store which was operated by his son. While he was sitting in front of the store McCormick, with the same companions, drove by the store. Apparently, when McCormick saw Ross, he applied the brakes to his car, stopping it in about 30 or 40 feet.

The Commonwealth's version of the events leading up to the time of the shooting is as follows: McCormick and Grubb, who was apparently attempting to keep McCormick from leaving the car, fell out of the car. Grubb and Mrs. McCormick were attempting to hold him. He advanced toward Ross and said, "Let's shoot it out." He had a pistol under his shirt. After McCormick had cursed and abused Ross for about 10 or 15 minutes, Ross finally said, "Bill, if I was you I'd do what I was going to do or quit talking." McCormick then pulled his pistol from under his shirt and shot at Ross, the bullet lodging in the window frame. Ross then fired three shots at McCormick, the latter one striking him in the chest. McCormick said, "Henry, you shot me," and gave his gun to Grubb. Ross's son then led him into the store. McCormick took his gun from Grubb and advanced toward the store. Ross's son told him to leave—that both he (McCormick) and his father had been hurt.

The appellant admitted threatening Ross both before and at the time of the shooting. He denied, however, that he fired a shot at him. He said that Grubb had the pistol during the time he was abusing Ross and at the time Ross fired at him. He said that after Ross entered the store he got his pistol from Grubb and advanced to the store and told Ross to come on out and have it out. The testimony of Grubb and Mrs. McCormick supports that of McCormick, except that he denied that Grubb had hold of him, when he left the car.

It can be seen clearly from what has been said that the case was one for the jury. This, of course, disposes of the fourth ground urged for reversal. Grounds two and three are likewise without merit. The record does not show that any objections were made or exceptions

saved relative to the testimony toward which objection is directed. We may say in passing, however, that the testimony was not incompetent. Counsel for the appellant has not pointed out his objection to the instructions, so we deem it unnecessary to devote any time to them other than to say they properly presented the case to the jury.

The question of continuance is a more serious one, but we do not believe the trial judge abused the discretion granted him under section 189 of the Criminal Code of Practice. As a matter of fact, the affidavit for a continuance was defective because it did not set forth that the absent witness, Charles Lemon, was within the jurisdiction of the court. Benge v. Commonwealth, 92 Ky. 1, 17 S. W. 146, 13 Ky. Law Rep. 308; Carter v. Commonwealth, 258 Ky. 807, 81 S. W. 2d 883. But, even if it be assumed the affidavit was sufficient in that respect, our views on the question would be the same.

McCormick was indicted on September 12th. He was released from jail on the 16th and his trial took place on the 21st. He was represented by able counsel, and while he says his physical condition was such that he could not properly assist in the preparation of his case he was present at the trial and the reading of his testimony does not leave one with the impression that his physical condition was such that he could not properly present his defense. Briefly stated, the Commonwealth's testimony showed that McCormick fired the first shot, while his story was that he did not take the gun from Grubb until after he had been shot by Ross. The affidavit relative to Lemon's testimony was read to the jury. It corroborated McCormick's testimony in every respect, except he said that Grubb and McCormick were scuffling as they left the car, but otherwise added nothing new to the case. Counsel for the appellant states in his brief that Lemon would have testified that the shot was fired by Grubb before McCormick took the pistol from him, but the affidavit contains no such statement. Furthermore, this of itself was an admission that a shot was fired from the appellant's pistol. As pointed out in the Carter case, supra, it is not an abuse of discretion to refuse a continuance because of the absence of witnesses, or the lack of time to prepare a defense, where it does not appear that the defendant could better his defense if time were granted. McCormick's own

conduct put him in the position he now finds himself. He had been making threats against Ross before the day of the difficulty. He went to the sawmill a few hours before the time of the shooting and abused and threatened to whip Ross, and it was not until after he had been abusing Ross in front of the store for some 10 or 15 minutes that Ross called his hand. Furthermore, it must not be overlooked, as said at the outset, that the affidavit was fatally defective.

Since we find no error prejudicial to the appellant's substantial rights, the judgment is affirmed.

Judge Harris not sitting.