**STRINGER v. COMMONWEALTH.**

Court of Appeals of Kentucky.

June 15, 1951.

August Winkenhofer, Jr., Bowling Green, for appellant.

A. E. Funk, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CAMMACK, Chief Justice.

Charles Stringer was sentenced to 15 years in prison on a charge of shooting and wounding Charles Compton with intent to kill. Reversal of the judgment is urged on the grounds that (1) Stringer should have been granted a continuance; (2) the court failed to instruct the jury on all the law of the case; and (3) Stringer did not receive a fair and impartial trial, which resulted in the verdict being against the law and the evidence, and, therefore, he was entitled to a directed verdict.

The case may be better understood by a brief review of the facts leading up to the actual shooting. Charles Compton and his helper, Jay Fishburn, were operating a truck for the National Linen Service between Nashville and Bowling Green. As Fishburn was driving the truck out to Woodburn he had to swerve around Kermit Barnett's automobile. Barnett, a colored man, had stopped to pick up two colored

girls. Fishburn and Barnett had some words at that time. Later, when Compton and Fishburn stopped at Sherrill's Market on the main highway, they again encountered Barnett. On that occasion Fishburn and Barnett got into an argument. A little later, as the laundry truck approached W. M. Whited's store on the highway, Barnett pulled his car from a side road and stopped between the gasoline pumps and the store. Barnett did not have the colored girls with him, but Charles Stringer, a Negro, was in his car. Stringer had with him a loaded, repeating .22 rifle. Fishburn stopped the truck some 30 or 40 feet from the store. Mr. Whited was not a customer of Compton's, so there can be but little doubt that Fishburn was, in a sense, the aggressor in the encounter which he later had with Barnett. It should be pointed out also that Mr. Whited testified, as did the appellant, that there was a check at his store for the appellant. This testimony, of course, gave Stringer a bona fide reason for being at Mr. Whited's store at the time of the shooting. A subpoena was issued for Barnett, but it was never served because he had left the State. So, at the trial, the only witnesses of the encounter were the three white men, Compton, Fishburn and Whited, and Stringer, the colored man.

Mr. Compton said that, after Fishburn and Barnett began fighting, he got out of his truck armed with a piece of cue stick and started toward the scene. He saw Stringer get out of the car with the rifle and he called to Fishburn to look out. Stringer then shot him, the bullet striking him above the heart. Fishburn's testimony substantiated that of Compton. Mr. Whited said he did not see Fishburn get out of the truck, but that he did see the encounter between him and Barnett. He saw Mr. Compton walking toward the scene and Stringer was standing at the back of Barnett's car at that time with a rifle. Mr. Whited was not looking when the shot was actually fired. Stringer said he knew nothing of the previous difficulties between Barnett and Fishburn; Barnett picked him up on the road and gave him a ride to the grocery; Fishburn, armed with some sort of club, came toward Barnett's car and the couple began fighting; Compton came over toward Barnett's car with a stick and started to strike him; he got out of the car and Compton stepped back with his stick and, as he was standing with one foot on the ground, he shot Compton in self defense; and he fired only one shot, seven bullets remaining in the rifle.

Stringer's counsel asked for a continuance because he argued that Stringer's case would be greatly strengthened by Barnett's presence at the trial. The court overruled the motion, but permitted Stringer's affidavit as to what Barnett would have testified to be read. The affidavit follows: "That Charles Stringer was not aware of any prior trouble which the said Barnett had had with the prosecuting witnesses, Charles Compton and Jay Fishburn, and that further that immediately after the shooting of the prosecuting witness, Charles Compton, that Barnett advised this defendant to immediately run away and leave for the fact that 'the people down here don't like us negroes and it won't be safe to stay around here'; and that Barnett will further testify, if he were present to so testify, 'that the said Stringer then asked him to take him out the road a piece so as to let him out near a dense woods' and that Barnett did so do."

An examination of the affidavit shows that Stringer was relying upon Barnett to testify that he knew of no previous difficulty between Barnett and Fishburn and Compton. There was nothing in the affidavit as to what Barnett would have said about the actual encounter at Mr. Whited's store, during which Stringer shot Compton. We have noted already that it may be accepted from Mr. Whited's testimony that Stringer had a bona fide reason for being at the store. This, however, is a long way from saying that he was justified in shooting Compton. For whatever it is worth, Stringer gave no satisfactory explanation of why he was on the highway with a loaded rifle. Furthermore, Mr. Whited put Stringer behind the car at the time he shot Mr. Compton. Mr. Compton's testimony was to the effect that he called to Fishburn, thinking that Stringer was about to shoot him, but instead he himself was shot. Of

course, Stringer said that Mr. Compton attacked him while he was sitting in Barnett's car. Under the circumstances we think the court was warranted in overruling the motion for a continuance. McCormick v. Commonwealth, 300 Ky. 445, 189 S.W.2d 405.

The basis of the second ground upon which reversal is urged is that an instruction should have been given defining the terms "maliciously" and "willfully." Such an instruction was not necessary. Lawson v. Commonwealth, 309 Ky. 458, 218 S.W.2d 41.

On the whole case we think Stringer did receive a fair and impartial trial, and that the verdict was not against the law and the evidence. It is obvious from what has been said that the case was clearly one for the jury.

Judgment affirmed.