82 So.2d 806

**Willie BROWN**

v.

**STATE.**

**6 Div. 934.**

Court of Appeals of Alabama.

Oct. 11, 1955.

The following charge was refused to defendant:

Morel Montgomery, Birmingham, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant was found guilty by a jury under a solicitor's complaint which charged that he: "While intoxicated by or under the influence of liquor or narcotic drugs, did appear or travel upon or be along a public road or public highway," etc.

The offense charged in the complaint originates in the provisions of an act approved 7 July 1945, Sec. 120(1), Title 14, Code of Alabama 1940, pocket part, the pertinent portion of said statute being as follows:

"It shall be unlawful for any person who is intoxicated by or under the influence of liquor or narcotic drugs to appear, or travel upon, or be along the public roads and highways of this state. Any person violating this section shall be guilty of a misdemeanor and, upon conviction, shall be punished by imprisonment for not more than thirty days, or by fine of not more than ten dollars, or by both such fine and imprisonment in the discretion of the court trying the cause. Provided, however, this section shall not apply to persons traveling along a public highway as passengers in any public or private conveyances."

Mr. Clark Brown, a deputy sheriff for Jefferson County, was the principal witness for the State.

Mr. Brown's testimony was to the effect that while riding with his family he observed two automobiles collide at or near the intersection of 5th Avenue and 33rd Street, in Birmingham.

He stopped his car and walked to the scene.

According to Mr. Brown the appellant and Leroy Coleman were standing by one of the cars involved. Both men appeared to be drunk and were placed under arrest. Some difficulty was experienced in handling the appellant, and Mr. Brown placed him in his car forcefully after knocking him down one time.

The evidence presented by the defense was directed toward showing that the appellant, who under the undisputed evidence was a passenger in Coleman's automobile, did not leave Coleman's car until ordered and forced out by Mr. Brown.

It further appears from the record that during the cross examination of defense witness Leroy Coleman he testified that he and the appellant had been together earlier during the day. They had ridden out to Woodlawn together, and Coleman then let appellant out of his car near the home of appellant's mother. Coleman drove to his home and left his automobile. As he was walking near 42nd Street and Georgia Road he observed appellant "rocking like a drunk person." He returned to his home, obtained his car, returned to where appellant was and picked him up for the purpose of taking him home. It was while on this trip that Coleman collided with Glaze's automobile.

During the oral charge of the court to the jury the record shows the following:

"The Court: Gentlemen, let me read you this charge: The Court charges you gentlemen, if after considering all the evidence in this case, you have a reasonable doubt that defendant was upon a public highway, at such time he is accused of being intoxicated, by or under the influence of liquor or narcotic drugs, but you believe he was a passenger—no, I can't give that charge, because there was other evidence he was standing on the highway before the arrest. No, I won't give you that.

"All right, you may retire.

"Mr. Montgomery: You say he was standing on the highway before the arrest?

"The Court: The testimony of Leroy Coleman was that he saw the defendant standing on the highway in a state of intoxication.

"Mr. Montgomery: We except to the Court's charge.

"The Court: I want to get through, first. Was that your understanding, Cecil?

"Mr. Montgomery: We except to anything pertaining to some other offense. He is not being tried for being on the highway at some other point, on 43rd Street, where his Mama's house was, when Leroy picked him up. You are submitting to this jury another offense, and I take exception and say you should instruct the jury that that is another offense than which this defendant is being tried and that it isn't material or part of this prosecution.

"The Court: I don't agree with you, if he did it within twelve months.

"Mr. Montgomery: We except to that part of Your Honor's charge, because he wasn't arrested then.

"The Court: That's all, Mr. Montgomery; the jury is going out now.

"Mr. Montgomery: All right. I just wanted to get an exception in the record."

The affidavit under which this appellant was convicted charged but a single offense.

It is clear from the evidence that the offense upon which the State relied, and towards which its evidence was directed, was the appellant's conduct at the scene of the wreck. While it was brought out during the cross examination of the witness Coleman that he had picked up the appellant on a street earlier, and that appellant was "rocking like a drunk person," such testimony related to appellant's conduct at a different time and place, and was only incidentally brought in.

In developing its case the State individualized and particularized the offense as arising from appellant's conduct at the scene of the wreck. The State must be deemed to have elected this as the offense for which appellant was being prosecuted. Frazier v. State, 19 Ala.App. 322, 97 So. 251; Smith v. State, 52 Ala. 384; Sullivan v. State, 68 Ala. 525.

The court's statement, made in the presence of the jury, to the effect that the affidavit covered other instances where appellant may have been drunk on a highway, if within twelve months, was an incorrect statement of the law. Appellant's exception to such statement was therefore well taken.

The appellant's evidence tended to show that the appellant, a passenger in Coleman's car, did not leave the vehicle until forced to do so by order of Mr. Brown. If so, the State cannot rely upon such to show that appellant was present upon the highway.

Further, appellant's requested charge X was a correct statement of the law applicable to this prosecution, and should have been given. Its refusal was error.

Reversed and remanded.