Jeffrey Lewis **QUITTNER,** Plaintiff,

v.

Philip **THOMPSON,** Chief of Police, of the City of Dania, Florida, Clarke Walden, City Attorney of the City of Dania, Florida, Robert E. Houston, Mayor of the City of Dania, Florida, and the City of Dania, Florida, a municipal corporation of the State of Florida, Defendants.

Civ. No. 69–1128.

United States District Court,
S. D. Florida.

Feb. 27, 1970.

Jepeway, Gassen & Jepeway, Miami, Fla., for plaintiff.

Walden & Dubow, Dania, Fla., for defendants.

## SUMMARY FINAL JUDGMENT

CABOT, District Judge.

This cause came before the court upon the motions of both plaintiff and defendants for summary judgment. This

action was instituted by Jeffrey Lewis Quittner for declaratory judgment, Title 28 U.S.C. §§ 2201 and 2202, and for preliminary and permanent injunction pursuant to Title 42 U.S.C. § 1983. The jurisdiction of this court was invoked under Title 28 U.S.C. § 1343(3).

The complaint alleges that the plaintiff was arrested and charged with being a disorderly person in that he was publicly intoxicated in violation of Section 20–10 of the Dania Municipal Code. It is the plaintiff's position that the ordinance is unconstitutional on its face in that it is overbroad, vague, and indefinite, and contrary to the guarantees of the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. In so alleging, the plaintiff leans heavily upon the decision in Lazarus v. Faircloth, S.D.Fla.1969, 301 F.Supp. 266, written by this court for a three-judge panel, contending that the municipal ordinance here challenged is strikingly similar to the Florida Vagrancy Statute, Fla. Statute 856.02, F. S.A., which was declared unconstitutional in *Lazarus*. The defendants take the position that the ordinance is neither vague nor indefinite but is definite and certain and hence not constitutionally invalid.

Section 20–10 of the Dania Municipal Code provides:

Any person of sufficient ability, who shall refuse or neglect to support his family; any common prostitute; any window peeper; any person who engages in an illegal occupation or business; *any person who shall be drunk or intoxicated* or engaged in any indecent or obscene conduct or indecent exposure of the person *in any public place;* any person who is found begging in a public place; any vagrant; any person found loitering in a house of ill-fame or prostitution, or place where prostitutes or lewdness is practiced; encouraged or allowed; any person who shall loiter in or about any police station, police headquarters building, county jail, hospital, court building or any place or

public building for the purpose of soliciting employment of legal services and the services of sureties upon criminal recognizances; any person who shall be found jostling or roughly crowding people unnecessarily in a public place, shall be deemed a disorderly person. Proof of recent reputation for engaging in an illegal occupation or business shall be prima facie evidence of being engaged in an illegal occupation or business. [Emphasis supplied.]

Vagueness and Overbreadth

The attack on this statute is broadbased, but the pleadings, memoranda, and argument of counsel make it clear that it is unnecessary for the court to test this ordinance by any constitutional standard other than vagueness and overbroadness. The standard to be observed is:

That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. Connally v. General Const. Co., 1926, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322.

The plaintiff Quittner was charged with being a disorderly person in that he was publicly intoxicated. If the plaintiff's attack on this ordinance is to succeed it must be demonstrated that either the phrase "drunk or intoxicated" or the phrase "in any public place," or both, are vague and indefinite within the meaning of the aforementioned authority.

In Powell v. Texas, 1968, 392 U.S. 514, 88 S.Ct. 2145, the Supreme Court recognized that public drunkenness, today

made an offense in every state, was explicitly proscribed by a 1606 English statute. However, in order to sustain the constitutional validity of this segment of the ordinance, one need only look to recent Florida state court decisions which have considered, albeit in a different posture, the phrase in issue.

In Clowney v. State, Fla.1958, 102 So.2d 619, 621, the Supreme Court of Florida, in reviewing the conviction of an individual for driving an automobile while intoxicated, defined the term to mean " * * * under the influence of intoxicating liquor to such extent as to deprive him of full possession of his normal faculties." In McArthur v. State, Fla.1966, 191 So.2d 429, the appellant, convicted under Fla. Statute 317.021, F.S.A. of driving an automobile while under the influence of intoxicating liquor to the extent that his normal faculties were impaired, challenged the constitutionality of the statute on the ground of vagueness, contending that the statute failed to contain ascertainable standards so that men of common intelligence would not be required to guess at what the statute prohibited and punished. The court sustained the constitutionality of the statute finding that the statutory language provided a reasonable standard by which men of common intelligence could govern their conduct.

It is clear that the pertinent language of Section 20–10 of the Dania Municipal Code, when measured by common understanding, conveys a sufficient and definite warning as to what conduct is prohibited by its terms; i. e., citizens within the municipality, while free to ingest intoxicating liquors, may not drink to the point where the influence of the liquor deprives them of the possession of their normal faculties. This court finds, therefore, that the phrase "drunk or intoxicated' is constitutionally sufficient.

Generally speaking, a public place is a place or area where the public at large has a right to be and is accessible to all members of the community. Berry v. Springdale, 1964, 238 Ark. 328; 381 S.W.2d 745, 8 A.L.R.3d 925; In re

Zorn, 1963, 59 Cal.2d 650, 30 Cal.Rptr. 811, 381 P.2d 635; and see generally 8 A.L.R.3d 930, "Location of Offense as Public within Requirements of Enactments against Drunkenness." Highways, streets, roads, courthouses, schools, parks, post offices, and even barbershops, to mention a few, have been held to be public places and are generally so understood. Men of common intelligence would not differ as to this. 8 A.L.R.3d 930, supra. However, other areas, such as one's house, are clearly private and not public within the meaning of disorderly conduct or drunkenness statutes. Notwithstanding the ordinance's failure to specifically define what is and what is not a public place, the phrase "in a public place" by its very terms is neither vague nor indefinite; that is, men of common intelligence need not guess at its meaning and would not differ as to its application. Men of common intelligence are capable of distinguishing between a public and a private place.

### Severability

Unlike Fla. Statute 856.02, F.S.A. which prohibited vagrancy as defined therein, the Dania Municipal Ordinance is designed to prohibit, in addition to public intoxication and vagrancy, various other types of conduct including prostitution, window peeping, and loitering. Here the court is presented with an arrest under a constitutionally valid section of an ordinance which is not inextricably intertwined with what appear to be constitutionally invalid sections not now before the court. Consequently it is possible and appropriate to separate the "wheat from the chaff" and sever for separate constitutional analysis that portion of the ordinance upon which the arrest was made.

In Lynch v. United States, 1934, 292 U.S. 571, 54 S.Ct. 840, 846–847, 78 L.Ed. 1434, Justice Brandeis stated:

A provision within the legislative power may be allowed to stand if it is separable from the bad. But no provision, however unobjectionable in itself, can stand unless it appears both

—

that, standing alone, the provision can be given legal effect and that the legislature intended the unobjectionable provision to stand in case other provisions held bad should fall.

From the very nature of the ordinance —the fact that it seeks to prohibit several independent and different types of conduct—the conclusion is inescapable that the City did not intend the entire statute to stand or fall upon the constitutionality of one or more of its segments. It is interesting to note that the Florida Statutes, which prohibit conduct included within Section 20–10 of the Dania Code, treat each type of prohibited conduct in a separate statute. The fact that the draftsmen of the Dania Code chose to enact one broad statute cannot and should not, under the circumstances here existing, result in the constitutional invalidation of this entire statute.

Moreover, the fact that this ordinance fails to contain a savings provision does not prevent the court from reaching this conclusion. The effect of the inclusion of a severability of savings clause in a statute or ordinance is to minimize the possibility of a holding that an entire statute is invalid upon a holding that a portion is invalid. A savings clause is a mere aid to statutory interpretation and is not a prerequisite to severability. Carter v. Carter Coal, 1935, 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160.

It appearing that there is no genuine issue as to any material fact, it is, accordingly,

Ordered and adjudged that:

1. The defendants' motion for summary judgment be and the same is hereby granted, and the defendants shall go hence without day.

2. Dania Municipal Ordinance Section 20–10, insofar as it prohibits "drunkenness or intoxication in a public place," be and the same is hereby declared constitutional.

3. The plaintiff's motion for summary judgment be and the same is hereby denied.