CITY OF HAMILTON, APPELLEE, *v.* COLLIER, APPELLANT.

[Cite as Hamilton v. Collier (1975), 44 Ohio App. 2d 419.]

(No. CA 74-08-0078—Decided May 27, 1975.)

Mr. *Gerald L. Pater,* prosecutor, for appellee.
Messrs. *Holbrock, Jonson, Bressler & Houser* and Mr. *Al Edmunds,* for appellant.

CRAWFORD, P. J. The defendant, appellant herein, was found guilty and fined for having in his possession, on July 20, 1974, an opened container of intoxicating liquor, in a public place, in violation of ordinance 1335.15 of the city of Hamilton. On the day in question, a patrolman stopped the automobile in which defendant and another were riding as passengers, to check the expiration date on a temporary license tag. While conversing with the driver, the officer noticed defendant sitting in the right front passenger seat of the automobile with a beer can on the floor of the automobile between his feet. The officer asked defendant to get out of the automobile, and arrested him on the charge stated.

The single assignment of error, or proposition of law, is that the court erred in holding that a privately owned motor vehicle was a public place within the meaning of the ordinance.

The ordinance in question reads:

"Whoever shall have in his possession an opened container of intoxicating liquor in a state liquor store or on the premises of the holder of any permit issued by the State Department of Liquor Control or any other public place unless such intoxicating liquor shall have been lawfully purchased for consumption on such premises shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall be fined not less than Ten Dollars ($10.00) nor more than Fifty Dollars ($50.00)."

Defendant pertinently observes that the words "any other public place" contained in the ordinance signify a similarity to those places previously named. A privately owned automobile does not resemble either of them. Defendant also quotes the following definition of a public place from Black's Law Dictionary (4th ed. rev.):

"A place to which the general public has a right to resort; not necessarily a place devoted solely to the uses of the public, but a place which is in point of fact public rather than private, a place visited by many persons and usually accessible to the neighboring public."

A privately owned automobile does not fall within either of these descriptions. In the ordinary course of affairs, a privately owned automobile is not open to the public, and no member of the public as such has a right to enter therein without explicit invitation or permission of the owner.

As defendant logically observes, if a private automobile were in the nature of a public place, it would not be protected under the Fourth Amendment from unreasonable searches and seizures. The city correctly observes that this is not a case of unlawful search and seizure. However, the large number of cases concerned with the protection of a privately owned automobile from this abuse attests to the well established premise that it is private and not public. See, for example, *Preston* v. *United States*, 376 U. S. 364; *United States* v. *Peisner* (C. A. 4), 311 F. 2d 94; 5 A. L. R. 3d 1196; *Dalton* v. *State*, 230 Ind. 626, 105 N. E. 2d 509.

Of course, it is not correct to declare generally and categorically that every automobile is either public or pri-

vate, because the classification of a particular vehicle may depend upon the circumstances, but there are no circumstances in the present case to indicate that the vehicle involved was public. The prosecution has therefore failed to prove an essential element of the offense.

It 'has been suggested that it is enough to satisfy the ordinance that the automobile itself was on the public highway. If such were the case, no family car, no travel trailer with living and sleeping quarters, no cargo truck or trailer, ambulance, or vehicle of any kind traveling upon a public highway would be free from intrusion by members of the public.

When the defendant got out of the automobile and was personally in the public highway, he was acting under police orders, and could not be held responsible for his presence there. *Brown* v. *State*, 38 Ala. App. 312, 82 So. 2d 806. The question is not whether the act done by defendant may be prohibited under the police power, but whether the ordinance quoted above, under which he was charged, does so. In our opinion, it clearly does not.

A criminal law or ordinance must be construed strictly against the prosecution and in favor of the accused. *Mariemont Taxi* v. *Cincinnati*, 162 Ohio St. 163; *City of Mentor* v. *Giordano,* 9 Ohio St. 2d 140.

Ordinance 1335.17 is not directly applicable to this case, but its existence is helpful when compared with the interpretation of ordinance 1335.15. Ordinance 1335.17 forbids the consumption of beer or intoxicating liquor "in a motor vehicle." It does not designate the vehicle as a public place, and therefore does not contain the infirmity or the requirement of an "other public place" contained in ordinance 1335.15. If ordinance 1335.15 had provided against the commission of the act proscribed in a motor vehicle without regard to its public or private character, we would have had an entirely different question.

A privately owned automobile is not an "other public place" within the terms of the ordinance under which defendant was prosecuted, and he was erroneously found guilty and fined. The judgment appealed from will be re-

versed and the defendant discharged at the costs of the city.

*Judgment reversed.*

BUZZARD and COOK, JJ, concur.

BUZZARD, J., of the Court of Common Pleas of Columbiana County, and CRAWFORD, J., retired, of the Second Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting by designation in the First Appellate District.

COOK, J., of the Eleventh Appellate District, sitting by designation in the First Appellate District.