[No. 26667-5-I.   Division One.   August 19, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. ADRIAN ALLEN VRIEZEMA, *Appellant.*

438

*Scott Busby* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Susan J. Noonan, Deputy,* for respondent.

GROSSE, C.J. — Adrian Vriezema appeals his conviction for possession of cocaine, contending that the trial court erred by denying his motion to suppress. We affirm.

On March 15, 1990, Adrian Vriezema was charged by information with one count of possession of cocaine in violation of the Uniform Controlled Substances Act. RCW 69.50.401(d).

Vriezema's motion to suppress was heard on May 9, 1990. The sole witness at the hearing was Officer Radke. He testified that during a routine patrol on April 7, 1989, at 2:42 a.m., he observed Vriezema's car parked just off the roadway near the entrance to a park. Vriezema's car was parked in an area posted "no parking", which had a history of complaints about alcohol related offenses, loud parties, fights, and loitering. Officer Radke testified that the police had been instructed to issue parking citations to cars parked in that area because it was an illegal parking location on park property.

Officer Radke got out of his patrol car and approached Vriezema's car on foot. He requested Vriezema to roll down his window and asked him why he was sitting there. As he did, Officer Radke observed an open bottle of beer on the floor directly in front of the passenger's side. Officer Radke recognized Vriezema from an arrest he had made the previous month. Officer Radke testified that he had reason to believe that Vriezema would not appear in court if he issued him a citation for the open container violation because when he had arrested Vriezema in the past he discovered that Vriezema had an outstanding warrant and two failures to appear on his traffic record.[1] Officer Radke further testified that he was concerned that Vriezema would attempt to flee or assault him with his vehicle. Therefore, rather than issuing Vriezema a citation, Officer Radke asked Vriezema to step out of the car so that he could place him under arrest for opening or consuming liquor in public.

As Vriezema stepped out of the car, Officer Radke felt a leather belt in the area of Vriezema's right arm and saw several needles on the seat where Vriezema had been seated. Officer Radke testified that belts were commonly used by intravenous drug users.

Officer Radke then arrested Vriezema and placed him in the patrol car. He went back to Vriezema's car to seize the items he had observed and to search the "wingspan and console area for other weapons or contraband." Officer Radke found beer in the bottle on the floor and a small glass vial containing a white powder substance in the center console near the stick shift.

Based upon Officer Radke's testimony the trial court denied Vriezema's motion to suppress and he was convicted as charged after stipulating to the police reports. This appeal followed.

---

[1] The State contends that if there had been an outstanding warrant for Vriezema's arrest on the night in question that this appeal would have been moot because Officer Radke would have had the authority to ask Vriezema to step out of the car. However, it is not clear from the record whether there was an outstanding warrant on the night in question.

The sole issue before this court is whether the trial court erred by denying Vriezema's motion to suppress.[2] Vriezema contends that the evidence that was obtained in the search incident to his arrest was tainted by an illegal seizure and therefore should have been suppressed. Specifically, Vriezema contends that neither the fact that he was parked in an area about which the police had received numerous complaints, nor the fact that he had an open container of beer in his car, was enough to justify a seizure.

Vriezema, relying on *Hamilton v. Collier*, 44 Ohio App. 2d 419, 339 N.E.2d 851 (1975), contends that a privately owned automobile does not fall within the statutory definition of a "public place", and therefore Officer Radke had no reason to suspect that he had consumed liquor or opened a package containing liquor in a public place. RCW 66.44.100. Thus, Officer Radke did not have probable cause to believe that a crime had been committed.

The State contends that the drug paraphernalia and cocaine were legally seized because Officer Radke had a right to be where he was when he saw the contraband in open view. We agree.

■ "[A] person has a diminished expectation of privacy in the *visible* contents of an automobile parked in a public place." (Italics ours.) *State v. Young*, 28 Wn. App. 412, 416, 624 P.2d 725, *review denied*, 95 Wn.2d 1024 (1981). "What a person knowingly exposes to the public, . . . is not a subject of Fourth Amendment protection." *Katz v.*

---

[2]Vriezema assigns error to finding of fact 1 insofar as it states that the area in question was known for "illicit drug usage" and insofar as it implies that "loitering" is a "criminal activity". However, this court need not address that issue because, while the findings of the trial court following a suppression hearing are of great significance to a reviewing court, the constitutional rights at issue require this court to independently evaluate the evidence. *State v. Daugherty*, 94 Wn.2d 263, 269, 616 P.2d 649 (1980), *cert. denied*, 450 U.S. 958 (1981). However, in considering credibility, deference will be given to the trial court, which was in a better position to evaluate the demeanor of the witness. *State v. Rogers*, 44 Wn. App. 510, 515, 722 P.2d 1349 (1986). Therefore, this court is confronted with the issue as to whether the evidence justified the conclusions of law drawn by the trial court.

*United States*, 389 U.S. 347, 351, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967).

■■ The purpose of the open container statute is to prohibit the consumption of alcohol in a public place. Here, Vriezema was parked in a public place. Although the open container of beer was in his car it was clearly "visible" and knowingly exposed to the public. Under these circumstances it cannot be said that Vriezema had an expectation of privacy in the visible contents of his car or that he did not have an open container of liquor in a public place.

Thus, having concluded that Vriezema did violate the open container statute, it was reasonable for Officer Radke to ask Vriezema to step out of his car.

> An officer's underlying intent or motivation is irrelevant to the judicial inquiry into the lawfulness of the officer's conduct. Whether a constitutional violation has occurred turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting the officer at the time and not on the officer's actual state of mind at the time the challenged action was taken.

(Citation omitted.) *State v. Petty*, 48 Wn. App. 615, 620, 740 P.2d 879, *review denied*, 109 Wn.2d 1012 (1987).

■ In the instant case, Officer Radke testified that he asked Vriezema to step out of the car because he was concerned that Vriezema would flee or assault him with his vehicle. In addition, Officer Radke had reasonable grounds to believe that Vriezema would not respond to a citation. "When a driver is stopped for a traffic violation, an arrest may be made if . . . the officer has reasonable grounds to believe the driver will not respond to a citation." *State v. Quintero-Quintero*, 60 Wn. App. 902, 904, 808 P.2d 183 (1991). We see no reason why this rationale could not be applied to an arrest for any misdemeanor.

■ Given the facts and circumstances confronting Officer Radke in the instant case it is reasonable to conclude that he acted lawfully. Thus, he did not violate the Fourth Amendment by entering Vriezema's automobile to seize the drug paraphernalia which was in open view.

*State v. Sistrunk*, 57 Wn. App. 210, 214, 787 P.2d 937 (1990).

The judgment and sentence of the trial court is affirmed.

SCHOLFIELD and FORREST, JJ., concur.

Review denied at 118 Wn.2d 1003 (1991).