BOWEN, Judge.
Barry Gene Carpenter, the appellant, was convicted for the criminal offense of desecration of a venerated object as defined in Ala.Code 1975, § 13A-11-12. His sentence of 30 days in jail was suspended for 12 months, conditioned upon his good behavior. In addition, the appellant was *758 ordered to attend a week of criminal court as an observer, to “spend time with the Court each day that week discussing the procedures and the trial of the case, and at the conclusion ... the defendant [was] to write a report [of not less than five pages] of his reaction to his observations and reaction to all that ha[d] transpired in court while he [was] there.” R. 64.
On January 16, 1991, the appellant, his wife, and their child, armed with posters, candles, pamphlets, and chalk, went to the United States Post Office in Russellville, Alabama, where they staged an anti-war demonstration against the United States military offensive in Saudi Arabia commonly known as “Desert Storm.” The appellant was arrested for criminal littering and for desecration of a monument (the Post Office). The appellant was handcuffed and was then frisked for weapons. During that search, the arresting officer found an American flag in the appellant’s coat pocket. The flag was soiled and in a “very disorderly” and “wadded condition,” (R. 18) and was-privately owned by the appellant. The basis of the appellant’s conviction for desecration of a venerated object is his possession of this flag. It is undisputed that this flag was not displayed by the appellant and was not visible until the arresting officer partially removed it from the appellant’s coat pocket at the time of the initial search.
The prosecution failed to present a prima facie case of the offense charged. Under Ala.Code 1975, § 13A-ll-12(a):
“A person commits the crime of desecration of venerated objects if he intentionally:
[[Image here]]
“(2) Desecrates in a public place the United States or Alabama flag or any other object of veneration by the public or a substantial segment thereof.”
The commentary to this section makes it clear that the desecration must be performed in public: “Subdivision (a)(2) is intended to cover the public desecration of a flag owned by a private person when such desecration is likely to cause a breach of the peace, or when a public flag is desecrated.” Commentary to § 13A-11-12 at 449. Here, there was simply no public desecration. This situation is comparable to that where the intoxicated passenger is removed from the motor vehicle by order of a law enforcement officer. Under such circumstances, the passenger is not guilty of “public intoxication.” Brown v. State, 38 Ala.App. 312, 314, 82 So.2d 806, 808 (1955). See also Adams v. State, 585 So.2d 161 (Ala.1991).
“It has generally been said that the purpose of flag desecration statutes has been to prevent breaches of the peace which might result from the improper use of and disrespect to the flag. * * * It is a requirement of many flag desecration statutes that in order to constitute a violation, the conduct complained of must have been done ‘publicly’.... ”
Annot., 41 A.L.R.3d 502, 504 and 505 (1972).
We hold that in order to constitute a violation of Ala.Code 1975, § 13A-11-12(a)(2), involving the desecration of a flag, the desecration must have occurred in public or in a public place.
Because the prosecution failed to present a prima facie case against the appellant, his conviction must be reversed. Under the authority of Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), that conviction must be rendered. Because the conviction must be reversed and rendered, this Count need not address the application in this case of Texas v. Johnson, 491 U.S. 397, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989), and the constitutionality of criminally punishing a person for burning an American flag as a means of political protest. See also United States v. Eichman, 496 U.S. 310, 110 S.Ct. 2404, 110 L.Ed.2d 287 (1990).
REVERSED AND RENDERED.
All Judges concur.