Rochelle WEAVER *v.* STATE of Arkansas

CR 96-472                                      928 S.W.2d 798

Supreme Court of Arkansas
Opinion delivered September 30, 1996

*Everett, Shemin, Mars & Stills,* by: *John C. Everett,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen., for appellee.

BRADLEY D. JESSON. The appellant, Rochelle Weaver, was convicted of drinking in public, Ark. Code Ann. § 5-71-212(c) (Repl. 1993), sentenced to thirty days in jail, and ordered to pay a $100.00 fine. The jail sentence and all but twenty-five dollars of the fine were suspended for one year. Appellant essentially claims that the trial court should have dismissed her case because she was not drinking in a "public place" within the meaning of the drinking-in-public statute. We agree with her argument and reverse and dismiss. In so holding, it is unnecessary for us to reach appellant's remaining argument that the statute is unconstitutionally vague.

The relevant facts are not in dispute. On September 30, 1995,

at approximately 12:30 a.m., Officer Randy Nichols responded to a complaint of a loud private party at a residence on Sam Street in Johnson, Arkansas. Upon his arrival, he observed ten to twelve people in the front yard of a private residence. Two males and two females, including the appellant, Rochelle Weaver, walked to the back of a small pickup truck that was parked in the side yard of the residence. Appellant, who was over the age of twenty-one, was seated on the tailgate drinking a bottle of Bud Light beer. She was not intoxicated. Officer Nichols approached appellant and arrested her for drinking in public. Appellant was convicted of the offense in municipal court and appealed to circuit court. Following a bench trial, appellant was again found guilty as charged. This appeal followed.

Appellant first alleges that the trial court should have dismissed the drinking-in-public charge because she was not drinking in a "public place" within the meaning of the statute. The drinking-in-public statute, Ark. Code Ann. § 5-71-212(c) (Repl. 1993), reads as follows:

> A person commits the offense of drinking in public if that person consumes any alcoholic beverages in any *public place*, on any highway, or street, or upon any passenger coach, streetcar, or in or upon any vehicle commonly used for the transportation of passengers, or in or about any depot, platform, waiting station or room, or other public place other than a place of business licensed to sell alcoholic beverages for consumption on the premises.

(Emphasis added.)

While we have not had occasion to interpret the term "public place" as used in the above statute, we have had at least one opportunity to interpret the term as used in the old public-intoxication statute, then Ark. Stat. Ann. § 48-943 (Repl. 1964). In *Berry v. City of Springdale*, 238 Ark. 328, 381 S.W.2d 745 (1964), we held that Berry, who was seated in a vehicle parked on a highway right-of-way approximately ten to twenty-five feet from the paved surface of the road, was in a "public place." In so holding, we referred to the Webster's Dictionary definition of "public" as "a place *accessible or visible* to all members of the community." *Id.* at 330. (Emphasis added.)

While the *Berry* case defined "public place" in terms of

accessibility and visibility, that case was decided before the Criminal Code became effective on January 1, 1976. The applicable chapter in the Code defines the term "public place" as "a publicly or privately owned place to which the public or substantial numbers of people have *access.*" Ark. Code Ann. § 5-71-101(6) (Repl. 1993) (Emphasis added.) In short, the Code definition speaks only in terms of accessibility, not visibility. The question thus becomes whether the public or substantial numbers of people had access to the place where appellant was drinking her beer, not whether appellant was drinking in an area that was visible to the public.

Many courts have recognized that a private residence is not a public place within the purview of statutes prohibiting intoxication in a public place. 45 Am. Jur. 2d *Intoxicating Liquors* § 36 (1969 and Cum. Supp. 1996). *See also* *Royster* v. *State,* 643 So.2d 61 (Fla.App. 1 Dist. 1994) (front porch of appellant's residence is not a public place); *Moore* v. *State,* 634 N.E.2d 825 (Ind.App. 4 Dist. 1994)(back yard of a private residence is not a public place); *Haynes* v. *State,* 563 N.E.2d 159 (Ind.App. 2 Dist. 1990)(area "off" a porch of a private residence is not a public area); *Commander* v. *State,* 748 S.W.2d 270 (Tex.App.-Houston [14th Dist.] 1988)(neither a private residence nor its yard or driveway is a public place). At least one commentator has observed that private homes have not ordinarily been regarded as public "even though in some instances a number of persons are gathered there for one reason or another." C.L. Feinstock, Annotation, *Location of Offense as "Public" Within Requirement of Enactments Against Drunkenness,* 8 A.L.R.3d 930 (1966 and Supp. 1996).

In this case, it was undisputed that appellant was attending a private party at a privately owned residence. She was drinking a beer on the tailgate of a pickup truck that was parked on the side yard of this residence. Because we cannot agree that this was a place to which the public or substantial numbers of people had access, we hold that the trial court erred in failing to dismiss appellant's case.

Reversed and dismissed.