The Honorable Jack Critcher State Senator P.O. Box 79 Grubbs, Arkansas 72431-0079
Dear Senator Critcher:
I am writing in response to your request for an opinion on A.C.A. §5-71-212(c), the statute that prohibits "drinking in public." Your question is as follows:
 Under the law, can a passenger in a vehicle be cited for drinking in public and be subject to prosecution even if he is not the driver of the vehicle? Also, is a personal vehicle, i.e. car, van, pickup, considered a public place?
 I have a constituent who was cited for drinking in public. He was the passenger, not the driver, riding in a private vehicle that was stopped at a State Police roadblock on a state highway while on his way to the deer woods. The driver was not drinking and was not cited. The passenger did have an open can of beer, which he admitted to the trooper as being his. The passenger was ticketed for drinking in public. Is this allowed under current law?
RESPONSE
The quick answer to your question is that the judge presiding over the ticket issued to your constituent will make the determination as to whether this charge is "allowed under current law." Your constituent will thereafter have a right of appeal to a higher court. It is not my province, as an officer in the executive branch of government, to dictate, influence, or second-guess the rulings of judicial officers.
To the extent your constituent has not contested the ticket in court, and you seek an academic pronouncement of the law surrounding this topic for future reference, I have set out the most relevant case law below. The issue is not entirely clear under Arkansas law, and courts of other states are split on the question, with perhaps a slight majority holding that such facts will support a charge of drinking in public. It appears from language in Arkansas case law, however, that the facts you describe will generally support a charge of drinking in public.
The relevant statute provides as follows:
 (a) A person commits the offense of public intoxication if he appears in a public place manifestly under the influence of alcohol or a controlled substance to the degree and under circumstances such that he is likely to endanger himself or other persons or property, or that he unreasonably annoys persons in his vicinity.
(b) Public intoxication is a Class C misdemeanor.
 (c) A person commits the offense of drinking in public if that person consumes any alcoholic beverages in any public place, on any highway, or street, or upon any passenger coach, streetcar, or in or upon any vehicle commonly used for the transportation of passengers, or in or about any depot, platform, waiting station or room, or other public place other than a place of business licensed to sell alcoholic beverages for consumption on the premises.
(d) Drinking in public is a Class C misdemeanor.
 (e) The provisions of this section shall not be construed to prohibit or restrict the consumption of alcoholic beverages when consumed as a part of a recognized religious ceremony or ritual.
A.C.A. § 5-71-212 (Repl. 1997) (emphasis added).
A separate statute in the same subchapter defines "public place" as "a publicly or privately owned place to which the public or substantial numbers of people have access." A.C.A. § 5-71-101(6) (Repl. 1997).
The statute above prohibits the consumption of alcohol "on any highway or street," "in . . . any vehicle commonly used for the transportation of passengers," or in any other "public place." A question arises as to whether the reference to "on any highway or street" includes activities occurring inside a private vehicle which is "on any highway or street." Another question arises as to whether the reference to "vehicle[s] commonly used for the transportation of passengers" has applicability to privately owned vehicles used solely for personal use. Finally, a question arises as to whether a private vehicle is otherwise a "public place" for purposes of the definition quoted above.
Courts of other states appear to be split on the question where similar facts are at issue. See e.g., for cases supporting the charge, State v.Lawson, 776 S.W.2d 139 (Tenn. 1989) (appellant's presence inside a vehicle on a public road does not alter the "public" character of that road or convert the passenger's condition into one of private rather than public intoxication); Atkins v. State, 451 N.E.2d 55 (Ind. 1983) (passenger in private vehicle stopped by police was in a "public place" and the statute's reference to common carriers, public transport, depots and stations did not require opposite ruling); and Stateham v. State,95 Okla. Crim. 232, 243 P.2d 743 (1952) (passenger in private vehicle who traveled on public roadway may be cited for public intoxication). Seecontra, for cases overturning the charge, State of Iowa v. Lake,476 N.W.2d 55 (Iowa 1991) (passenger in private vehicle was not in a "public place" to which the public is permitted access, analogizing to Fourth Amendment search and seizure protections in private vehicles); City ofHamilton v. Collier, 44 Ohio App.2d 419, 339 N.E.2d 851 (1975) (passenger of vehicle stopped by police and found with beer can between his feet was not in a public place for purposes of "open container" law). See alsogenerally, C.L. Feinstock, "Location of Offense as "Public" WithinRequirement of Enactments Against Drunkeness" 8 A.L.R. 3d 930 (1966).
The three most relevant Arkansas cases are Weaver v. State, 326 Ark. 82,928 S.W.2d 798 (1996), Berry v. City of Springdale, 238 Ark. 328,381 S.W.2d 745 (1964), and Wright v. State, 327 Ark. 558, 940 S.W.2d 432
(Newbern, J. concurring).
In Weaver, the Arkansas Supreme Court held that a woman sitting in the tailgate of a pickup truck parked in the side yard of a private residence (at a party) was not in a "public place" for purposes of the drinking in public statute. The case turned not so much on the fact that she was sitting in a vehicle, however, as it did upon the fact that the vehicle was parked on private property, on the grounds of a private residence. The court did note that the definition of a "public place" in A.C.A. §5-71-101(6) "speaks in terms of accessibility, not visibility." The court held that the question turned upon whether the "public or substantial numbers of people had access to the place where appellant was drinking her beer, not whether [she] was drinking in an area that was visible to the public." Id. at 84.
The Weaver court, in making this last point, was distinguishing, in part, the holding in Berry v. City of Springdale, supra. In Berry, at issue was the "public intoxication" portion of A.C.A. § 5-71-212, rather than the "drinking in public" portion. The defendant was sitting in his truck on a highway right of way, 10 to 25 feet from the traveled portion of the highway. He was apparently asleep in the cab of the truck and almost fell out when a police officer opened the door. The court held that these facts were sufficient to support a charge of public intoxication because the facts occurred in a "public place." The court cited a Webster's Dictionary definition as defining this term as "a place accessible or visible to all members of the community." The Weaver court noted the change in the law, with the adoption of A.C.A. § 5-7-101(6), which focuses on "accessibility," not "visibility."
The most recent court case bearing on the issue is Wright v. State,supra. The Wright case was mostly about the suppression of evidence arising from the search of a vehicle. A state police officer stopped a pickup for failure to display a license plate. While verifying the driver's ownership documents against the "VIN" number, the officer noticed a passenger (Dixon) in the vehicle. The officer opened the passenger door, asked the passenger to exit, and asked him if he had been drinking. The passenger admitted that he had, picked up a beer can from within the truck and said "I was drinking this." The officer set the beer can back on the floorboard of the truck, and noticed a glass of whiskey beside the can. The officer later searched the vehicle more fully and found weapons and drugs, which supported later charges against the driver of the vehicle (Wright) which were at issue in the Wright decision.
The court in Wright held the search proper, based in part on the fact that the officer "suspected Wright and Dixon had violated Arkansas's public-intoxication misdemeanor laws." Id. at 562. Justice Newbern concurred in the judgment, indicating that any evidence of driving while intoxicated was absent. Justice Newbern noted, however, that the officer "could well have had probable cause to believe that Mr. Wright was guilty of drinking in public. . . ." Id. at 566. Justice Newbern stated:
 The offense is defined in Ark. Code Ann. § 5-71-212(c) (Repl. 1993) as consumption of "any alcoholic beverages in any public place, on any highway, or street, or . . . upon any vehicle commonly used for transportation of passengers. . . ." As the officer had probable cause to believe that Mr. Wright's truck, as well as the canvas bag, contained evidence that Mr. Wright and Mr. Dixon had violated the public drinking law, it was appropriate for the officer to search the truck and the bag and seize the items he discovered.
Id. at 566-567 (emphasis added).
Although the issue is not entirely clear, it appears, from a reading of the case law cited above, particularly the Berry case, and the concurring opinion of Justice Newbern in Wright, that the facts you describe will support a charge of drinking in public in Arkansas.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh