The Honorable Dwayne Dobbins State Representative P.O. Box 5172 North Little Rock, Arkansas 72119-5172
Dear Representative Dobbins:
I am writing in response to your request for an opinion on the following question:
 Can you be charged for public intoxication while you are in your yard/property?
RESPONSE
In my opinion, although you can be "charged" for public intoxication when in your own yard or on your own property, the question of whether the "charge" would be upheld in court will depend upon the facts surrounding the arrest. In my opinion it is unlikely such a charge would be upheld unless the facts show that the location of the arrest was a place "to which the public or substantial numbers of people have access."
The relevant statute is A.C.A. § 5-71-212, which provides in pertinent part as follows:
 (a) A person commits the offense of public intoxication if he appears in a public place manifestly under the influence of alcohol or a controlled substance to the degree and under circumstances such that he is likely to endanger himself or other persons or property, or that he unreasonably annoys persons in his vicinity.
(b) Public intoxication is a Class C misdemeanor.
(Emphasis added).
The term "public place" is defined at the beginning of the chapter as "a publicly or privately owned place to which the public or substantial numbers of people have access." A.C.A. § 5-71-101(6). This definition will therefore determine whether a charge of public intoxication will lie with regard to a particular location.
The most relevant Arkansas Supreme Court case discussing this definition is Weaver v. State, 326 Ark. 82, 928 S.W.2d 798 (1996). In Weaver, the Arkansas Supreme Court held that a woman sitting in the tailgate of a pickup truck parked in the side yard of a private residence (at a party), was not in a "public place" for purposes of the drinking in public statute.[1] The case turned upon the fact that the vehicle was parked on private property, on the grounds of a private residence. The court noted that the definition of a "public place" in A.C.A. § 5-71-101(6) "speaks in terms of accessibility, not visibility." Id. at 84. The court held that the question turned upon whether the "public or substantial numbers of people had access to the place where appellant was drinking her beer, not whether [she] was drinking in an area that was visible to the public." Id.
In my opinion, therefore, the question of whether a "public intoxication" charge will be upheld by a court depends upon whether the public or substantial numbers of people had access to the location in question. Although it may seem unlikely that the public or substantial numbers of people would have access to an individual's "yard" or to an individual's residential property, as your question seems to imply, all the facts must be considered by the finder of fact in order to determine the matter.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] The "drinking in public" prohibition is contained in the same statute (A.C.A. § 5-71-212), as the public intoxication prohibition. See
A.C.A. § 5-71-212 (c) and (d). It also hinges on the phrase "public place" as defined in A.C.A. § 5-71-101(6).