## TACKETT v. COMMONWEALTH.

Court of Appeals of Kentucky.

June 19, 1953.

Rehearing Denied Oct. 30, 1953.

Charles L. Hobson, Frankfort, for appellant.

J. D. Buckman, Jr., Atty. Gen., and Zeb A. Stewart, Asst. Atty. Gen., for appellee.

COMBS, Justice.

Jouett Tackett was convicted of the offense of carrying concealed a deadly weapon with penalty fixed at imprisonment for two years. Appealing from a judgment entered in accord with the verdict, he insists that the court erred to his prejudice (1) in overruling his motion for a peremptory instruction in his favor; (2) failing to instruct on the whole law of the case; (3) overruling his motion for continuance; and (4) because of improper remarks by the prosecuting attorney. Ground (1) is based on the claim that because the arrest of appellant and the search by the arresting officer were illegal, all evidence with relation to the search and its result was inadmissible.

On a night in May of 1951, State Police officers received information that an automobile was parked on one of the highways of Franklin County, near Peak's Mill. The officers proceeded to the place and found appellant's car partly off the highway, one wheel hanging over the edge of a culvert. They found appellant in the car with his head resting on the steering wheel, as the officers thought, "either asleep or unconscious from the use of alcoholic liquor,"

the odor of which they detected. They found on the seat beside appellant a partially filled half-pint bottle of whiskey. Appellant was placed under arrest for being intoxicated in a public place. It was found that the car could not be moved without assistance, and one officer went to the police car to call for a wrecker. The other officer proceeded to search appellant and took from his trousers pocket a 32-caliber pistol holding four cartridges. The officer was quite positive that the weapon was concealed. He said the headlights of appellant's car made it light enough to see that the weapon was not visible; that he did not discover it until he "ran his hands over" appellant's body. The other officer who assisted in the arrest says he did not see the weapon.

As bearing on the question of appellant's condition, aside from the odor of alcohol, the presence of the whiskey bottle and the position of appellant, there was proof that during the afternoon appellant had taken a drink of whiskey or gin, and he admitted the drinking of two bottles of beer during the day. The jailer who took charge of appellant at about 11 o'clock p. m. said that he detected the odor of alcohol from his breath.

Appellant testified that during the afternoon he went to the home of Wash Burden and there made a trade for the pistol; later he returned to his own home and put the pistol in a holster, "to keep it from slipping down in my pocket." Still later he took members of his family to visit a relative and started to return to his home when he met up with Earl Hall, who got in the car with him. Accounting for his condition and position in the car, he said that he was asleep at the time because during the day he had taken some pills prescribed by his doctor to relieve arthritic pains, and the pills caused him to become drowsy and to sleep. His doctor testified he had prescribed the remedy to relieve pain, and that their use would produce drowsiness, but said they would not cause an odor of alcohol.

The appellant testified that after Hall got in the car he asked him to drive as he, the appellant, "felt bad, because he had taken the pills." Hall took the wheel but after a short while, for some reason unaccounted for, the car met with the mishap. The two made unsuccessful efforts to get the car back on the road and then both of them got into the car, appellant under the steering wheel. Appellant says he slept for "some time and then woke up;" that when they saw the police car approaching Hall jumped from the car, ran and hid behind a barn. When asked how he knew of this fact if he was asleep, he answered that he wasn't "really asleep" when the police car arrived. He insisted he was not drunk, but drowsy or asleep; that the pistol with its handle sticking from his pocket was plainly visible.

The foregoing summary of the proof as to appellant's condition at the time of his arrest seems to us to be such as to justify the officers in making the arrest. The condition of the car, position of appellant, the odor of alcoholic liquor, and the presence of the partly filled bottle of whiskey would lead any reasonable person to the conclusion the person in the car was intoxicated. Together with the other proof tending to show intoxication, a jury might well conclude that there was ample ground for the action of the officers. The argument that the arrest was illegal because, even if appellant was drunk, he was not in a public place is not well founded. Counsel say, and correctly so, that being drunk in a hotel room would not subject one to arrest because a room in a hotel is not a public place. Lewis v. Commonwealth, 197 Ky. 449, 247 S.W. 747. But here the arrest was on a public road and the offense of being intoxicated on any "public or private road" is made a misdemeanor by KRS, sections 244.-020 and 244.990, and KRS 16.060 sets out the powers and duties of State Police officers who find the law being violated.

The next contention is that the court erred in failing to define the word "concealed," and that invisibility, because of darkness alone, would not constitute a concealment. We have held, as suggested in brief, that "circumstances could exist * * where the court would be called upon to define what was meant by the word 'concealed'". Avery v. Commonwealth, 223 Ky.

 

248, 3 S.W.2d 624, 625. But it was not necessary to define the word in this case. Appellant does not say that it was so dark that one could not see a weapon if exposed. On the other hand, the officer's testimony that he could see fairly well, and that he saw no part of the weapon, and the testimony of appellant that the weapon was not concealed, made an issue of fact to be determined by the jury.

When the case was called for trial, appellant moved for a continuance on the ground that Hall was a material witness and was absent. He filed his affidavit and that of his counsel, the latter showing that process had been issued for Hall and not returned. Appellant's affidavit stated that Hall would say that he was with him until the officers' car was seen approaching and then "went and hid behind the barn;" that if present he would state that he (appellant) was not drunk, and that the handle of the pistol was protruding from his pocket.

It may be observed that the affidavit is technically defective in failing to say that Hall was within the jurisdiction of the court. Benge v. Commonwealth, 92 Ky. 1, 17 S.W. 146; Rogers v. Commonwealth, 188 Ky. 817, 244 S.W. 348. Moreover, from a practical standpoint it is very doubtful if Hall's testimony "in person" would have redounded to the benefit of appellant. It may be that when he left the car the pistol was not concealed. However this may be, we have in numerous instances held that in ruling on a motion for continuance the court is vested with wide discretion, and the ruling will not be disturbed unless it is shown that there was an abuse of that discretion. Toler v. Commonwealth, 295 Ky. 105, 173 S.W. 2d 822; McCormick v. Commonwealth, 300 Ky. 445, 189 S.W.2d 405. We are of the opinion that here there was no abuse of discretion.

The alleged improper remark by the prosecuting attorney occurred in this way. When counsel had completed the reading of the affidavit of appellant, the county attorney suggested that it should be stated "that

is Mr. Tackett's affidavit." Objection was interposed, but the court, instead of making a specific ruling, told the jury "that it had been agreed that if the absent witness were present he would testify as the words were read by Mr. Hobson." If it be deemed that the court's advice amounted to an overruling of the objection, the record does not show the saving of an exception, Brown v. Commonwealth, 199 Ky. 831, 251 S.W. 994, nor that this complaint was embodied in the motion for a new trial. We are of the opinion that the court properly submitted the case to the jury, and committed no prejudicial error in other rulings.

The judgment is affirmed.