CITY OF LANSING *v.* JOHNSON.

1. CRIMINAL LAW—DISORDERLY PERSON—ORDINANCE—CONDUCT PROHIBITED.

The term "disorderly person" can be a legal term of art encompassing specific types of conduct prohibited by a statute or ordinance, and the conduct is not necessarily of the kind that a layman would call disorderly.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur 2d, Breach of the Peace and Disorderly Conduct § 30.
[2] 29 Am Jur 2d, Evidence § 108.
[3] 12 Am Jur 2d, Breach of the Peace and Disorderly Conduct §§ 29–35.
[4] 50 Am Jur 2d, Statutes §§ 219, 230.
[5] 12 Am Jur 2d, Breach of the Peace and Disorderly Conduct § 33.
[6] 37 Am Jur, Municipal Corporations § 165.
[7] 50 Am Jur, Statutes § 357.
[8] 37 Am Jur, Municipal Corporations § 165; 12 Am Jur 2d, Breach of the Peace and Disorderly Conduct § 29.

2. Evidence—Judicial Notice—Alcohol.

The Court takes judicial notice that overconsumption of alcohol can lead to loss of consciousness in some people.

3. Criminal Law—Disorderly Person—Evidence—Sleep.

.. The fact that defendant was asleep when arrested does not militate against the crime of being a disorderly person, but rather could be further evidence in support of such a charge when by statute or ordinance a disorderly person is defined as, among other things, one who is intoxicated in a public place.

4. Municipal Corporations—Ordinance—Courts.

The wisdom of a statute or ordinance is not a subject of judicial review.

5. Criminal Law—Disorderly Person—Intoxication in a Public Place.

A person asleep in his car while the car is parked in a no-parking zone is in a public place, and therefore if he is intoxicated he is intoxicated in a public place within city ordinance definition of disorderly person (Lansing Code, § 22–13).

6. Statutes—Ordinances—Conflict with State Statute.

A city may not proscribe something the State legislature permits in the absence of express authority to do so.

7. Same—Judicial Construction.

It is the duty of a court to give legislation an interpretation that will uphold it rather than one that will invalidate it if this is possible.

8. Same—Ordinances—Conflict with State Statute.

State statute defining disorderly persons as, among other things, those *intoxicated in a public place*, and local ordinance defining disorderly persons as, among other things, those *under the influence of alcoholic liquor in a public place*, held, synonymous and not conflicting; therefore the city ordinance is not invalid as conflicting with the statute (CL 1948, § 750.167; Lansing Code § 22–13).

Appeal from Ingham, Salmon (Marvin J.), J. Submitted Division 2 May 2, 1967, at Lansing. (Docket No. 2,480.) Decided June 27, 1968. Leave

to appeal denied September 10, 1968.  See 381 Mich 774.

Eugene D. Johnson was convicted of being a disorderly person.  Defendant appeals.  Affirmed.

*Eugene G. Wanger,* City Attorney, and *William H. Van Duzer,* Assistant City Attorney, for the City of Lansing.

*Sinas, Dramis, Brake & Werbelow (John A. L. Hughes,* of counsel), for defendant.

SULLIVAN, J.  This case presents the novel question of whether a person can commit a crime while he is asleep.  The lower court decided that it was possible, and, more specifically, convicted defendant-appellant of being a disorderly person.

The defendant, Eugene D. Johnson, was convicted under the code of the city of Lansing, section 22–13 (1) of being a disorderly person,[1] *viz.,* being under the influence of alcoholic liquor in a public place.  He was fined $15, ordered to pay $10 costs or spend 10 days in the county jail.

The record in the case discloses that a police officer observed defendant's car apparently parked in a "no parking" zone.  The officer stopped to investigate and noticed the defendant slumped over the steering wheel.  The officer pounded on the door of the car and called to the defendant but got no re-

---

[1] Disorderly persons (as cited in appellant's brief):  "It shall be unlawful for any person to be a disorderly person within the city.

"A disorderly person shall be any person who shall do any act or engage in any practice hereinafter enumerated, and any person who shall aid and abet another to do any such act or engage in any such practice:

"(1) Be under the influence of alcoholic liquor or any narcotic drug, or drink any alcoholic liquor, in any public street, alley, park or place."

sponse. The officer then opened the door of the car to see what was wrong. When he did, he was met with a strong odor of alcoholic beverage. The officer and his partner then lifted and pulled the limp defendant from his car and laid him on the lawn. The defendant's eyes (apparently opened at this point) were bloodshot, his clothes soiled and disarranged, and he smelled strongly of alcoholic beverages.

Defendant raises three questions on appeal. They are answered in the order raised.

First, defendant says it is quite incongruous and must be illegal to be charged with being "disorderly" while asleep. The term "disorderly person" includes those "under the influence" of liquor in a public place; those who drink alcoholic liquor in a public street, et cetera.

Obviously not every person who drinks liquor in a public place need be drunk, under the influence, or even boisterous to be brought within some of the provisions of the "disorderly person" ordinance. So while there may be a modicum of layman's logic in defendant's assertion, we must recognize that "disorderly person" as used here is a legal term of art encompassing specific types of conduct prohibited by the ordinance. There is ample proof in the record that defendant violated one of these categories, and while it is true that defendant was asleep, the court can take judicial notice that overconsumption of alcohol can lead to loss of consciousness in some people. Under all of the circumstances in this case the sleep factor did not militate against the crime of being a disorderly person but rather was further evidence in support of the charge.

In the instant case, then, the officers were quite justified in concluding that defendant was "under the influence" though asleep and quite law-abiding in

most respects.  No Michigan or other authority is
found on this specific aspect of the case, but cases
where sleeping motorists have been convicted are
not uncommon.  Arkansas, for example, has decided
a very similar case.  In *Berry* v. *City of Springdale*
(1964), 238 Ark 328 (381 SW2d 745), the defendant
was convicted though found asleep in a truck parked
10 to 20 feet from the public highway.  Admittedly
this specific point was not raised or passed upon by
the court.

It can be argued, and was by defendant, that
society should not punish one who, having drunk,
pulls over to the curb to "sleep it off" rather than
drive while drunk.  Certainly such a course of action
is the lesser of two evils, but the wisdom of the
ordinance—which we think defensible—is not subject
to judicial review.

Defendant next questions whether a person inside
of his automobile on a public street is in a "public
place" within the meaning of the ordinance.  De-
fendant cites several Michigan cases (*e.g. People*
v. *Lee* [1963], 371 Mich 563; *People* v. *Zeigler* [1960],
358 Mich 355) and concludes that since automobiles
are insulated against unreasonable search and
seizure they are not public places.  No question of
unlawful search and seizure is raised in the "state-
ment of questions," nor is there any present in the
case that we can discern.  But even for the purpose
mentioned, the above cases are inapposite.  The
inhibition against unreasonable search and seizure
remains whether defendant is in the car drunk or
sober, or whether defendant was outside the car
standing on the curb.  But the point is that this
defendant, though in his car, was in a "public place"
and the authorities are ample in support of that
proposition.  *Berry* v. *City of Springdale, supra;
People* v. *Belanger* (1966), 243 Cal App 2d 654 (52

Cal Rptr 660); *Miles* v. *State* (1966), 247 Ind 423 (216 NE2d 847); *Walker* v. *State* (1961), 171 Tex Cr 379 (350 SW2d 561).

Finally, defendant contends the ordinance in question is invalid because it contravenes a State statute, CL 1948, § 750.167 (Stat Ann 1965 Cum Supp § 28.364),[2] which deals with "disorderly persons". Defendant points out that the statute uses the words "drunk or intoxicated" whereas the ordinance uses the words "under the influence or alcoholic liquor."

If this were a conflict, it would be fatal. What the legislature permits a city may not prescribe without express authority therefor. See *Richards* v. *City of Pontiac* (1943), 305 Mich 666.

There are, as defendant points out, decisions which construe the language of the ordinance as being more restrictive than "drunk or intoxicated." But it is also true that there are a number of decisions which hold the terms to be synonymous. *e.g. Sexton* v. *State* (1940), 29 Ala App 336 (196 So 742); *Stevens* v. *People* (1935), 97 Colo 559 (51 P2d 1022); *Compton* v. *State* (1937), 133 Tex Cr 211 (109 SW2d 761).

Black's Law Dictionary seems to use the words "drunk", "intoxicated" and "under the influence" synonymously. Drunk is defined:

"Drunk. A person is 'drunk' when he is so far under the influence of liquor that his passions are visibly excited or his judgment impaired, or when his brain is so far affected by potations of liquor that his intelligence, sense-perceptions, judgment, continuity of thought or of ideas, speech, and coordination of volition with muscular action (or some of these faculties or processes) are impaired or not under normal control."

---

[2] "Any person who shall be drunk or intoxicated or engaged in any indecent or obscene conduct in any public place; * * * shall be deemed a disorderly person."

Intoxicated is defined:

"Intoxicated. Affected by an intoxicant, under the influence of an intoxicating liquor."

Since the ordinance can be sustained by construing the words "under the influence" to be synonymous with "drunk" or "intoxicated," and it is our duty to uphold legislation if possible (*Rathbun* v. *State of Michigan* [1938], 284 Mich 521; *City of Detroit* v. *Michigan Bell Telephone Company* [1965], 374 Mich 543), we do construe the term "under the influence" in this ordinance to be synonymous with the terms "drunk" or "intoxicated" used in the disorderly person statute.

Affirmed.

T. G. KAVANAGH, P. J., and LEVIN, J., concurred.