### 48763. KEY v. THE STATE.

CLARK, Judge.

This appeal is from the denial to defendant of his motion for a new trial on general grounds following a conviction for public indecency. Code Ann. § 26-2011.

The order of the trial judge, Hon. James B. O'Connor, denying the new trial reads in part as follows: "After careful study, this court has concluded that the conviction was authorized and is adequately supported by the evidence. The principal question is whether an automobile with closed doors parked in a public school ground is such a public place as to come within the ambit of Code Ann. § 26-2011. A public place is defined in § 26-401 (m) in the Criminal Code as: ' "Public place" means any place where the conduct involved may reasonably be expected to be viewed by people other than

members of the actor's family or household.'

"It seems obvious that one engaging in conduct which was attributed to the defendant and which the jury by their verdict found to be true must have anticipated that such conduct might reasonably be expected to be viewed by members of the public going to and from the public school area which was in constant use at the critical times under investigation. Except for the fact that the teachers viewed his behavior with much suspicion, and thus guarded the children, they would certainly eventually have observed the defendant commit the acts in question, and possibly some persons did walk by and look in the car windows. Surely one would be expected to look at a person parked in a public place and acting in a suspicious or odd manner.

"It is the holding of this court that whether the automobile of the defendant was a public place under the circumstances here involved was a question of fact properly submitted to the jury and the finding of the jury that it was a public place was fully justified and authorized by the evidence."

We agree with the trial judge. See also *Redd v. State,* 7 Ga. App. 575, 576 (3) (67 SE 709) holding that "Whether an act is decent or indecent depends upon the time, the place, and all the circumstances surrounding its commission, including the intention, actual or implied, of the actor."

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

SUBMITTED NOVEMBER 7, 1973 — DECIDED FEBRUARY 4, 1974 — REHEARING DENIED MARCH 5, 1974 —

*Rembert C. Cravey,* for appellant.
*Albert D. Mullis, District Attorney,* for appellee.