**STATE of Tennessee, Appellee,**

v.

**Darwin LAWSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 6, 1989.

Collier W. Goodlett, Centerville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Linda Ann Hammond, Asst. Atty. Gen., Nashville, Eric L. Davis, Asst. Dist. Atty. Gen., Franklin, for appellee.

OPINION

DWYER, Judge.

This is an appeal as a matter of right by Darwin Lawson from the judgment of the Hickman County Criminal Court finding appellant guilty of public drunkenness. Appellant received a fine of ten dollars. Here, he presents a single issue for appellate review:

Whether the evidence adduced at trial supports the guilty verdict beyond a reasonable doubt.

The proof adduced at trial reveals that on or about October 23, 1987, Tennessee Highway Patrol Officer John Dunnaway was on routine patrol on Highway 50 west of Centerville, Hickman County. He observed a truck traveling at a high rate of speed in an easterly direction. By the time the officer was able to stop the truck, it was on the Upper Shipps Bend Road immediately off Highway 50. The driver of the truck was Brian Lawson, the cousin of the appellant. Upon questioning the driver, Officer Dunnaway determined that he had probable cause to arrest the driver for speeding and driving under the influence. He then asked the appellant, who was a passenger in the truck, to exit the vehicle and then placed him under arrest for public drunk. The officer stated that the appellant had a strong smell of alcoholic beverage and was very unsteady on his feet. The time of the arrest was about 11:50 p.m. The appellant and the driver were transported to the Hickman County Hospital, and then to jail.

The appellant testified that he had not spoken to the officer prior to being removed from the car and only left the car when requested to do so by the officer. He contends that the evidence was insufficient to support the guilty verdict. Specifically, appellant argues that he was not openly and publicly drunk.[1]

On appeal, a guilty verdict approved by the trial judge, accredits the testimony of the witnesses for the State. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978). The State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978). A verdict against the defendant removes the presumption of innocence and raises a presumption of guilt on appeal, *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973), which the defendant has the burden of overcoming. *State v. Brown,* 551 S.W.2d 329, 330 (Tenn.1977); *see State v. Tuggle,* 639 S.W.2d 913 (Tenn.1982). Where the sufficiency of evidence is challenged, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a. reasonable doubt. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983); Rule 13(e), Tenn.R.App.P.

In the case *sub judice,* the arresting officer stopped the subject vehicle for speeding on Upper Shipps Bend Road immediately off Highway 50. Appellant was observed by the officer to be intoxicated. He had a heavy odor of alcohol about him, and he was unsteady on his feet. In the best light to the State, the proof was sufficient to support the jury's finding that appellant was intoxicated.

A "public place" is a place to which the general public has a right to access. *Adams v. Monroe County Quarterly Court,* 214 Tenn. 270, 379 S.W.2d 769 (1964).[2] A location to which such a right of access exists does not lose its character as a "public place" simply because others are not present to observe the defendant's drunken condition. Moreover, we conclude, as have courts in other jurisdictions, that

---

1. Appellant further argues that the initial stop of the vehicle in which he was a passenger was unconstitutional. This argument is without merit. In the first instance, the stop of the vehicle is a matter that addresses itself to the driver and not to the passenger. In the second instance, the stop of the vehicle was fully legal. In the third instance, his issue has been waived. From the record it appears that the appellant failed to move prior to trial to suppress the testimony offered by the Highway Patrol Officer who arrested the appellant. Rule 12(b)(3),

Tenn.R.Crim.P. Further, the record does not reflect that the appellant objected to the testimony during the trial itself. Rule 36(a), Tenn.R.App.P. Finally, appellant's motion for a new trial fails to raise this issue. Rule 3(e), Tenn.R.App.P.; *McCormic v. State,* 659 S.W.2d 804 (Tenn.1983), on remand, 668 S.W.2d 304 (1984).

2. In *Adams,* a site used for a public gathering by consent of the owner was held not to be a "public place".

the appellant's presence inside a vehicle [3] on a public road does not alter the "public" character of that road or convert the appellant's condition into one of private rather than public intoxication. *See People v. Johnson*, 12 Mich.App. 139, 162 N.W.2d 667, 669 (1968).[4] The proof, therefore, meets Rule 13(e), Tenn.R.App.P. requirements. The issue is without merit.

Accordingly, the judgment of the trial court is affirmed.

DUNCAN, P.J., and DAUGHTREY, J., concur.

---

**3.** We reiterate that the appellant was a passenger in a vehicle owned and operated by his cousin. A highway patrolman observed the vehicle speeding on a public highway, pursued and stopped it on a public road. At that point, the appellant was observed by the public official to be intoxicated.

**4.** In *Johnson*, an intoxicated defendant sleeping in a car parked in a no-parking zone was held to be in a "public place".