STATE of Iowa, Appellant,

v.

Kathy L. LAKE, Appellee.

No. 90–1768.

Supreme Court of Iowa.

Oct. 16, 1991.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., Stephen J. Petersen, County Atty., and Ann A. Terry, Asst. County Atty., for appellant.

Kathy L. Lake, Muscatine, pro se.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO and SNELL, JJ.

CARTER, Justice.

Following the acquittal of the defendant, Kathy J. Lake, on a public intoxication charge tried to the court, the State was granted discretionary review of issues of law arising at trial. We affirm the judgment of the judicial magistrate.

On June 23, 1990, defendant, Kathy Lake, was a passenger in an automobile being driven on a public street in West Liberty. A police officer stopped the vehicle based on his belief that the driver was operating while intoxicated. The validity of that stop is not challenged. The driver brought the vehicle to a stop in a public parking lot. The officer ordered the driver out of the car.

At or near the time that the driver exited the vehicle, the defendant also stepped out of the vehicle and spoke to the officer. The officer directed defendant to re-enter the vehicle and, when she did not, told her to stay in the vicinity. Based on the officer's observations of defendant, she was charged with public intoxication in violation of Iowa Code section 123.46 (1989).

The public intoxication charge was tried before a judicial magistrate sitting without a jury. The magistrate concluded that the defendant, while in the automobile, was not in a public place as defined in Iowa Code section 123.3(23) (1989). The magistrate further concluded that, in exiting from the private conveyance onto a public parking lot, she was merely submitting to the police officer's authority. Based on these conclusions, the court found the defendant not guilty of the offense charged.

The State, having been granted discretionary review, argues that defendant was in a "public place" even while she remained within the automobile. In the alternative, the State urges that she entered a public place when she exited the car. We separately consider these contentions.

I. *Whether Defendant Was in a Public Place While Occupying a Private Motor Vehicle.*

We first consider the State's contention that, if intoxication is shown, an element not contested here, defendant was guilty of violating section 123.46 even while she was occupying a privately owned motor vehicle with consent of the owner. The offense with which defendant was charged is defined as follows:

A person shall not be intoxicated or simulate intoxication in a public place. A person violating this subsection is guilty of a simple misdemeanor.

Iowa Code § 123.46 (1989). The phrase "public place" is defined as "any place, building, or conveyance to which the public has or is permitted access." Iowa Code § 123.3(23) (1989).

We believe that, while defendant was occupying the privately owned motor vehicle either on the public street or in the public parking lot, she was in a conveyance to which the public was not permitted access. Consequently, while so located, she was not in violation of section 123.46, notwithstanding her intoxication.

We concede that some tension exists between our conclusion on this issue and certain language contained in *State v. Kersh*, 313 N.W.2d 566, 568 (Iowa 1981). We believe that the suggestion made in *Kersh* that a person in a private conveyance is in a public place for purposes of section 123.46 if the conveyance is located on a public highway or in a public parking lot is not sustainable under the section 123.3(23) definition. Many private places including personal residences are situated within the confines of a public area. Surely, this does not mean that the public is permitted access to those private locations. A right of public access is the touchstone of the section 123.3(23) definition of a public place.

With respect to the private nature of automobiles, nearly thirty years of fourth amendment jurisprudence since the exclusionary rule of *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), has made it clear that, absent some special circumstance, even police officers are not

entitled to enter private automobiles on the public highways. *See, e.g., State v. Sanders*, 312 N.W.2d 534, 538 (Iowa 1981).[1] We conclude that the magistrate was correct in finding that defendant was not in a public place while she remained in the motor vehicle.

## II. *Whether Defendant Violated Section 123.46 When She Exited the Vehicle.*

■ We next consider whether defendant violated section 123.46 when she exited the vehicle in an intoxicated condition. The magistrate found that her conduct in this regard was not a voluntary act but was a submission to police authority. Concededly, the situation presented here will not sustain a defense of compulsion under Iowa Code section 704.10 (1989) or a defense of entrapment. We believe, however, that the magistrate was on sound ground in concluding that action taken in submission to police authority will negate the volition required for even a general intent crime.

A strong showing was made by the State that defendant's departure from the confines of the motor vehicle was not in submission to the officer's authority. However, based on the totality of circumstances, we believe that this was an issue of fact. The magistrate could only be reversed on this issue if it appears as a matter of law that defendant's departure from the vehicle was not a surrender to the police officer's authority. We are unable to make that finding on the present record. The judgment of the magistrate is affirmed.

AFFIRMED.

HARRIS, Justice (dissenting).

I respectfully dissent. The majority would exonerate public intoxication, even though committed on a public street, on the ground that the act occurred in an automobile. The question whether a motor vehicle on a public street is a public place within the meaning of a criminal statute has been addressed by many courts. The overwhelming majority conclude an automobile on the highway is a public place. *Berry v. City of Springdale*, 381 S.W.2d 745, 747, 238 Ark. 328, 330 (1964) (defendant sitting in truck ten to twenty-five feet from traveled portion of highway was a "public place" for purposes of intoxication); *People v. Belanger*, 52 Cal.Rptr. 660, 664, 243 Cal.App.2d 654, 658 (1966) (parked car on public street was a "public place" in prosecution for public intoxication); *Miles v. State*, 247 Ind. 423, 425, 216 N.E.2d 847, 849 (1966) (intoxicated person found asleep in a parked car was in a public place for purpose of public intoxication); *Atkins v. State*, 451 N.E.2d 55, 56 (Ind.App.1983) (passenger in automobile traveling on public highway was in "public place" for purposes of public intoxication); *Tackett v. Commonwealth*, 261 S.W.2d 298, 300 (Ky. 1953) (automobile stopped partly off highway was "public place" so that passenger was guilty of public intoxication); *People v. Johnson*, 12 Mich.App. 139, 143–44, 162 N.W.2d 667, 669 (1968) (intoxicated person found asleep in parked car was in "public place for purpose of public intoxication"). The subject also comes up in the context of other criminal offenses said to be committed in an automobile on a public street. *People v. Norris*, 152 Cal.Rptr. 134, 139, 88 Cal.App.3d Supp. 32, 40 (1978) (automobile parked on public street was a "public place" for purposes of soliciting an act of prostitution); *Key v. State*, 131 Ga.App. 126, 127, 205 S.E.2d 510, 511 (1974) (car with closed doors on school ground was a "public place" in prosecution for public indecency). There is a contrary view, but it is recognized as distinctly minority. *See* Annotation, *Location of Offense as "Public" Within Requirement of Enactments Against Drunkenness*, 8 A.L.R.3d 930, 938–39 (1966).

We held that an automobile was a public place in *State v. Kersh*, 313 N.W.2d 566, 568 (Iowa 1981), which the majority seeks

---

1. Indeed a fourth amendment right of privacy within an automobile on a public highway was recognized by the Supreme Court 36 years prior to *Mapp v. Ohio* in *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

to distinguish on the ground that Kersh was not arrested, as we stated he could have been, for public intoxication, but rather for carrying a concealed weapon. Surely if an automobile on the street or highway is a public place in one situation, it should be in the other.

Strong public policy supports effective law enforcement on streets and highways. This is a poor time and a particularly poor point on which to adopt a small minority view, especially one contrary to our own case law. We should reverse.