**STATE of Iowa, Appellee,**

v.

**James Larry ELLIOTT, Appellant.**

**No. 95–2142.**

Supreme Court of Iowa.

Dec. 18, 1996.

---

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Paul L. Martin, County Attorney, and Gregg R. Rosenbladt, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and TERNUS, JJ.

McGIVERIN, Chief Justice.

The issue in this case is whether the "private property" exception found in Iowa Code section 724.4(4)(a) (1995) precludes defendant James Elliott's conviction for carrying a weapon in violation of section 724.4(1). Because we agree with the district court that the "private property" exception does not apply in this case, we affirm.

I. *Background facts and proceedings.* The controversy in this case arises out of an incident involving defendant Elliott's carrying of a firearm. The facts are not in dispute.

Police officers responding to a report of gunfire at Elliott's residence in Mason City found Elliott standing in his backyard and arguing with another man who was on the back porch of the residence. The officers ordered Elliott to the ground and handcuffed him with his hands behind his back. Elliott appeared to be intoxicated; the officers noted that his speech was slurred and he smelled of alcohol.

Although the officers performed a pat down search of Elliott's outer clothing and a search of the backyard, they did not find a gun. The officers asked Elliott where the gun was located, but he refused to tell them, instead giving several flippant responses. Officers arrested defendant Elliott for discharging a firearm within the city limits in violation of a city ordinance and transported him to the police station.

At the police station, an officer asked Elliott whether he had any weapons on his person, and he responded that he did not. However, when the officer thoroughly searched Elliott's person, he found a .22 magnum revolver in the rear pocket of Elliott's pants.

Defendant Elliott was then charged by trial information with the present offense of carrying weapons or carrying a concealed weapon in violation of Iowa Code section 724.4(1). In response, Elliott filed a motion to adjudicate law points, *see* Iowa R.Crim.P. 10(2), arguing that Iowa Code section 724.4(4)(a), which provides an exception for situations where a person carries a weapon on the person's own property, applied to his case because he was arrested on his own property and did not leave that property voluntarily. After a hearing on the motion, the district court found that defendant Elliott could have avoided the carrying weapons charge by leaving the gun on his property or informing officers of its location. The court therefore ruled the carrying weapons charge could be maintained against Elliott.

Defendant Elliott waived a jury and the case proceeded to a bench trial. After trial, the district court ruled that Iowa Code section 724.4(4)(a) was inapplicable in Elliott's case, found that he was guilty of the carrying weapons offense, and imposed sentence.

Elliott appealed from the district court's judgment.

II. *Standard of review.* We review the district court's decision for correction of errors at law. Iowa R.App.P. 4.

III. *Applicability of the "private property" exception of Iowa Code section 724.4(4)(a).* Defendant Elliott contends that because he did not leave his property voluntarily when he was arrested, the district court erred in determining that the "private property" exception of Iowa Code section 724.4(4)(a) was inapplicable in this case. Elliott argues the carrying weapons charge could not properly be maintained against him under this record and the case should have been dismissed.

A. Iowa Code section 724.4(1) provides:

Except as otherwise provided in this section, a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries

or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor. However, that section does not apply to the following:

[a] person who goes armed with a dangerous weapon in the person's own dwelling or place of business, or on land owned or possessed by the person.

Iowa Code § 724.4(4)(a). Under those provisions, a person carrying a concealed firearm violates the prohibition on carrying weapons unless such act occurs on the person's own property.[1]

██ B. We do not believe that the "private property" exception set forth in section 724.4(4)(a) applies in this case.

Relying on *State v. Lake*, 476 N.W.2d 55, 57 (Iowa 1991), Elliott asserts that submission to police authority "negate[s] the volition required" for a conviction under section 724.4(1). In that case, the defendant was charged with public intoxication when she stepped out of a vehicle which had been stopped by police. *Lake*, 476 N.W.2d at 56. This court concluded that: 1) the defendant was not in a public place while she remained in the vehicle; and 2) because there was substantial evidence that her departure from the vehicle was a surrender to police authority, that departure was not a voluntary act such as to sustain a conviction under the public intoxication statute. *Id.* at 57; *see* Iowa Code § 123.46.

However, the facts in this case do not parallel those in *Lake*. Elliott had the opportunity to leave the gun on his property or disclose its presence to the police before he left the premises in police custody on the charge of discharging firearms in the city limits, whereas the defendant in *Lake* could not alter the fact of her intoxication before leaving the car. Thus, Elliott's ability to act voluntarily was not abrogated to the extent it was for the defendant in *Lake*.

██ Moreover, requiring Elliott to choose between avoiding the commission of the carrying weapons offense and the right not to incriminate himself on the other charge does not engender a constitutional transgression. We have pointed out that the Constitution does not always forbid such a choice; "[t]he deciding factor is whether compelling the election impairs to an appreciable extent any of the policies behind the rights involved." *State v. Gay*, 526 N.W.2d 294, 297 (Iowa 1995) (citing *Chaffin v. Stynchcombe*, 412 U.S. 17, 31–32, 93 S.Ct. 1977, 1985, 36 L.Ed.2d 714, 725–27 (1973)). In *Gay*, we determined that the defendant could be required to choose between waiving his right to an extradition hearing in another state and facing conviction for failure to appear on a charge in Iowa. *Gay*, 526 N.W.2d at 297. In *McGautha v. California*, 402 U.S. 183, 210–213, 91 S.Ct. 1454, 1468–70, 28 L.Ed.2d 711, 728–29 (1971), the United States Supreme Court held that the exercise of the defendant's Fifth Amendment right to remain silent was not impermissibly burdened by the possibility that he might receive a harsher sentence if he did not argue his case for mitigation. In this case, we similarly conclude that the possibility of subjection to a charge of carrying weapons did not impermissibly chill defendant Elliott's exercise of his right not to incriminate himself on the other charge.

C. Public policy considerations also compel our conclusion regarding the inapplicability of the "private property" exception where a suspect carries a concealed weapon as he leaves his property in police custody. Allowing the exception to encompass such circumstances would endanger both law enforcement officers and the public in general. We previously refused to expand the scope of the "private property" exception for just those reasons. In *State v. Davidson*, 217 N.W.2d 630, 631–32 (Iowa 1974), the defendant argued that the exception should apply where he was charged with carrying a concealed weapon in the hallway outside his apartment. We disagreed and stated:

The rule for which defendant contends would permit one to wander about apartment buildings inhabited by hundreds of persons simply because his own living

---

1. The statute establishes a number of other exceptions, none of which are relevant to this case.

*See* Iowa Code § 724.4(4)(b)–(j).

quarters were located somewhere in the recesses of that same building. Obviously the legislature intended no such result, and we reject the defendant's argument to the contrary.

*Davidson*, 217 N.W.2d at 632. Allowing application of the "private property" exception in this case would give rise to greater risk to officers transporting suspects. We note that it is not inconceivable that Elliott could have removed the gun from his rear pocket while off his premises; his hands were cuffed behind him. In addition, it would create peril for those members of the public who happened to be in the area at the time the suspect was transported, just as allowing application of the "private property" exception in *Davidson* would endanger others in the apartment building. We do not believe the legislature intended Iowa Code section 724.4(4)(a) to apply in such situations.

Therefore, we conclude the district court did not err in determining that the "private property" exception of Iowa Code section 724.4(4)(a) did not apply, because Elliott had the opportunity to avoid a violation of section 724.4(1) before he left his land in police custody on the other charge.

IV. *Disposition.* We affirm the judgment of the district court finding Elliott guilty of carrying weapons in violation of Iowa Code section 724.4(1).

AFFIRMED.