# IN THE COURT OF APPEALS OF IOWA

No. 14-1099
Filed October 14, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CICERO McGEE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Nathan A. Callahan, District Associate Judge.

        Defendant appeals from the judgment and sentence following his guilty plea for public intoxication, third offense. **VACATED AND REMANDED.**

        John Slavik of Braun, White, L.L.P., Charles City, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Linda Fangman, County Attorney, and Emily Zerkel, Assistant County Attorney, for appellee.

        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Cicero McGee appeals from the judgment and sentence following his guilty plea for public intoxication, third offense. He maintains he received ineffective assistance from trial counsel. Specifically, he maintains trial counsel was ineffective for allowing him to plead guilty without a factual basis to support the charge. Because we find there was not a factual basis to support McGee's plea, counsel failed to provide effective assistance. We vacate the judgment and remand for proceedings consistent with this opinion.

**I. Background Facts and Proceedings.**

On September 11, 2013, McGee was charged with public intoxication, third offense. He initially pled not guilty but later entered a written guilty plea through counsel.

As part of the written guilty plea, McGee indicated the court could rely on the minutes of testimony and trial information to establish a factual basis. The trial information states, in part:

> On Sunday, August 11, 2013 at approximately 1356 hours, officers were dispatched to Covenant Medical Center for a disorderly call. While en route to the call, officers were advised that the defendant was yelling at the staff and loudly using profanity. Upon arrival, officers placed the defendant in custody. . . . Officers were advised by medical staff that the defendant had been transported to the hospital by Waterloo Fire . . . .

Additionally, an incident report from the Waterloo police department was included in the minutes of testimony. It states, in part:

> On Sunday, August 11, 2013 at approximately 1356 hours, I was dispatched to Covenant Hospital for a disorderly patient. Upon arrival, I met with Officer Bram, who had detained the offender (Cicero McGee). McGee had slurred speech, and watery, bloodshot eyes. He was also unsteady on his feet. Apparently

> McGee had been transported to Covenant by Waterloo Fire, who had been previously dispatched to the area of Eureka and Vermont for a subject passed out in the grass.

The district court accepted McGee's guilty plea and entered judgment. He was sentenced to a jail term of 365 days with all but thirty days suspended. McGee appeals.

## II. Standard of Review.

We review claims of ineffective assistance of counsel de novo. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). "Although we normally preserve ineffective-assistance claims for postconviction relief actions, 'we will address such claims on direct appeal when the record is sufficient to permit a ruling.'" *Id.* (quoting *State v. Wills*, 696 N.W.2d 20, 22 (Iowa 2005)).

## III. Discussion.

McGee maintains trial counsel was ineffective for allowing him to plead guilty to public intoxication without a factual basis to support the charge. Here, the record is sufficient to allow us to address his claim on direct appeal.

To prevail on a claim of ineffective assistance of counsel, McGee must prove by a preponderance of the evidence the attorney failed to perform an essential duty and prejudice resulted from the failure. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). If counsel allowed McGee to plead guilty to a charge for which no factual basis exists, counsel failed to perform an essential duty. *See State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996). In such a case, prejudice is inherent. *Id.* ("[I]f a factual basis does not exist, then counsel was ineffective.).

We do not believe a factual basis supports McGee's guilty plea for public intoxication.[1] McGee was arrested at the hospital after he "had been yelling at the medical staff, and was loudly using profanity and being disruptive." However, even if the hospital is a public place, McGee was not there voluntarily and thus did not have the required general intent to violate the statute. In *State v. Lake*, 476 N.W.2d 55, 57 (Iowa 1981), our supreme court held the defendant was not guilty of public intoxication when she stepped outside of her private vehicle into the public street while intoxicated. The court reached the conclusion because "[the defendant's] action taken in submission to police authority will negate the volition required for even a general intent crime." Here, the police report indicates McGee was "transported to Covenant [Hospital] by Waterloo Fire, who has been previously dispatched to the area of Eureka and Vermont for a subject passed out in the grass." McGee was brought to the hospital by emergency personnel—possibly even without his knowledge. Additionally, we do not know what or whose lawn McGee had been transported from. A front lawn of a single or family residence is generally a private place. *See State v. Paye*, 865 N.W.2d 1, 7 (Iowa 2015) ("Our conclusion is consistent with decisions of other holding that the front porch or front yard of a personal's own residence is not a public place when that person has not extended a generalized invitation to the public . . . ."). Moreover, the fact McGee was presumably exposed to public view while passed out in the grass is not in and of itself a violation. *See Lake*, 476 N.W.2d

---

[1] Iowa Code section 123.46(2) (2013) prohibits an individual from being intoxicated in a public place. "Public place" is further defined as "any place, building, or conveyance to which the public has or is permitted access." Iowa Code § 123.3(36).

at 56 (concluding the interior of a car is not a public place even though it is in a public view).

Because the record before us does not establish a factual basis for McGee's guilty plea, we find counsel was ineffective for allowing McGee to plead guilty. We vacate the judgment and remand to permit the State to attempt to make the necessary showing. *See State v. Burtlow*, 299 N.W.2d 665, 670 (Iowa 1980) ("The mere failure of the record to show a factual basis for a guilty plea does not require that a conviction be set aside. The judgment is vacated and the case is remanded to permit the State to attempt to make the necessary showing.").

**VACATED AND REMANDED.**