# IN THE COURT OF APPEALS OF IOWA

No. 15-1516
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEVEN CHARLES CAMPBELL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Carol S. Egly, District

Associate Judge.


        Steven Campbell appeals the denial of his motion to suppress.

**AFFIRMED.**


        Aaron D. Hamrock of McCarthy & Hamrock, P.C., West Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Steven Campbell appeals the denial of his motion to suppress evidence gathered while he was first detained and subsequently arrested for operating while intoxicated, second offense, in violation of Iowa Code section 321J.2 (2013). Campbell claims the law enforcement officer's seizure of him and his vehicle was not justifiable under the community caretaking exception to the warrant requirements of the Fourth Amendment of the United States Constitution and article 1, section 8 of the Iowa Constitution. We disagree and affirm his conviction.

In the early morning hours of April 24, 2014, police officer Nicholas Gilchrist stopped at a gas station to purchase food during a meal break. Gilchrist noticed a vehicle parked parallel to the gas station building, several feet from the curb, and perpendicular to the painted parking lines. The front of the vehicle was facing the entrance to the gas station lot. The vehicle's engine was running and its brake lights were illuminated. After exiting the building, Officer Gilchrist noticed an individual (Campbell) sitting in the driver's seat who "appeared to be passed out or sleeping. He was still breathing . . . but he was definitely not awake or conscious." Officer Gilchrist moved his squad car behind the parked vehicle "so that [his] in-car video would catch the encounter." The officer approached the vehicle and shined his flashlight on Campbell to wake him up. After receiving no response, the officer used the "strobe" function on his flashlight and knocked on the driver's side window. Again, Campbell did not respond and "[a]t that point in time [the officer] opened the driver's side door." The opening of the door roused Campbell, who then attempted to close the door. The officer

stopped Campbell from closing the door. The officer asked Campbell some questions, but Campbell provided only unintelligible answers. Officer Gilchrist noticed Campbell's eyes were "bloodshot and watery," and the officer detected the smell of an alcoholic beverage coming from Campbell. The officer had Campbell perform field sobriety testing, and Campbell failed the testing. Campbell declined to take both the preliminary breath test and the Datamaster breath alcohol test at the police station.

On June 4, the State charged Campbell with operating while intoxicated, second offense, and Campbell moved to suppress the evidence gathered from his detention and arrest. The district court denied the motion to suppress. Campbell was subsequently convicted and sentenced. Campbell now appeals.

We review de novo the district court's denial of Campbell's motion to suppress. *See State v. Ochoa*, 792 N.W.2d 260, 264 (Iowa 2010).

The district court implicitly found (by referencing the State's argument) the law enforcement officer's actions were a valid exercise of the community caretaking exception to the warrant requirements of the Iowa and United States Constitutions. *See, e.g.*, *State v. Kersh*, 313 N.W.2d 566, 568–69 (Iowa 1981) *abrogated on other grounds by State v. Lake*, 476 N.W.2d 55, 56 (Iowa 1991) (finding the officer acted reasonably in opening a car door to check on the driver's condition after seeing a car parked oddly and finding the driver "slumped behind the wheel" and unconscious); *State v. Ivankovic*, No. 15-0622, 2016 WL 3269627, at *3–5 (Iowa Ct. App. June 15, 2016) (finding an officer's nighttime investigation of a parked running car occupied by an unconscious individual in the driver's seat was a valid community caretaking encounter); *State v. Gamon*,

No. 01-1622, 2002 WL 987286, at *2 (Iowa Ct. App. May 15, 2002) (finding an officer's investigation of a vehicle with its engine running while parked in the lot of a business closed for the evening was a valid community caretaking encounter)

Upon our review of the record, we agree with the district court's reasoning and the denial of Campbell's motion to suppress. We affirm Campbell's conviction without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**